United States District Court
for the
Northern District of Georgia
Atlanta Division

**Iyanla Jones**
Plaintiff,

v

**Experian Solutions**
Defendant,

Case Number: 1:24-CV-0472

~~1:24-CV-0470~~

1:24-CV-0472

~~1:24-CV-0470~~

## I. INTRODUCTION

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

FEB 01 2024

KEVIN P. WEIMER, Clerk
By_____ Deputy Clerk

1. This is a civil action by Plaintiff, an individual consumer, seeking actual, statutory and punitive damages against Defendant Experian for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. (Hereinafter "FCRA"). The FCRA states that credit reporting agencies Pursuant 15 US Code 1681(b) Reasonable procedures, must follow reasonable procedures to assure maximum possible accuracy when furnishing data on consumer reports. Credit reporting agencies can furnish data on a consumer report by way of court with the proper jurisdiction for judgment file against the consumer or by written consent of the consumer in whom it relates and no other in accordance to 15 U.S. Code§ 1681b(a)(1)(2). In regards to the accounts under dispute in accordance to 15 US Code 1681a(2)(i) a consumer report should exclude information solely as transactional history or experiences between the consumer and the reporting party. Pursuant 15 US Code 1681e(b), a consumer reporting agency shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

## II. JURISDICTION AND VENUE

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

FEB 01 2024

KEVIN P. WEIMER, Clerk
By_____ Deputy Clerk

2. Jurisdiction of this court arise under 15 U.S. Code§ 1681(p) and 28 U.S.C. 1331. Venue in this District is proper in that the Defendant transacts business in the city Atlanta, Fulton County, Georgia the conduct complained of occurred in Atlanta, Fulton County, Georgia.

## III. Parties

3. Plaintiff is a natural person residing in Fulton County, Georgia. Plaintiff is a "consumer" as defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681a, (b) and (c).

4. Upon information and belief Defendant, Experian is a corporation with its principal place of business located at 475 Anton Blvd. Costa Mesa, CA 92626 and its registered is CT Corporation System agent located at 1999 Bryan St.
Ste. 900, Dallas, TX, 75201-3136.

5. Upon information and belief, Defendant Experian is a California corporation duly authorized

and qualified to do business in the State, of Georgia.

6. Other parties are Dacy Yee - Chief Customer Officer, Direct to Consumer at Experian

Consumer Services, Craig Boundy - CEO Experian North America

## IV. FACTS OF THE COMPLAINT

7. Plaintiff is a natural person residing in , Fulton County, Georgia. Plaintiff is a

"consumer" as defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681a, (b) and (c).

8. Defendant is a 'credit reporting agency in accordance with the Fair Credit Reporting Act, 15

U.S.C. § 1681

9. On or about October 20, 2023 Plaintiff reviewed her credit report on "identityiq.com"

10. On the report Plaintiff noticed fraudulent trade lines being reported on his consumer report

from Defendant,

Experian.

11. Defendant reported the following trade lines 1. American Express 3499929263258343, 2.American express 3499929272342863, 3.Deserve/blockfi/evolve 900000XXXXXXXXXX  HOW IS EXPERIAN VERIFYING DESERVE/BLOCKFI/ELVOVE WHEN THEY FILED BANKRUPTCY

12. On October 20, 2023, Plaintiff sent a mailed complaint asking Defendant for evidence of its proof of authority, legal and/or lawful authority to report these accounts in accordance to 15 USC

1681b(a)(1)(2). 15 U.S. Code§ 1681b - Permissible purposes of consumer reports

(a) In general
 Subject to subsection (c), any consumer reporting agency may furnish a consumer report under the following circumstances and no other:

( 1) In response to the order of a court having jurisdiction to issue such an order, a subpoena issued in connection with proceedings before a Federal grand jury, or a subpoena issued in accordance with section 5318 of title 31 or section 3486 of title 18.

(2) In accordance with the written instructions of the consumer to whom it relates.

13. Defendant responded with the accounts being verified.

14. Plaintiff sent multiple demand letters and invoices for payment for Defendants violations of the FCRA, with the last one being sent 11/22/2023, Plaintiff never received any monetary compensation for damages in accordance with the FCRA.

15. Defendant continues to report these accounts on Plaintiffs consumer report.

16. Defendant's falsely and fraudulent reporting these tradeline has severely damaged the credit

reputation of Plaintiff lowering Plaintiff's FICO scores, causing severe humiliation, emotional distress, mental anguish, financial damages, several denials of extension of consumer credit and defamation of Plaintiffs character.

17. Plaintiff is seeking damages in the amount of $15,000, for violations of the FCRA and identity theft.

18. On 11/22/2023, Plaintiff sent a certified mail complaint to Dacy Yee - Chief Customer Officer, Direct to Consumer at Experian Consumer Services, Craig Boundy - CEO Experian North America as king Defendant for evidence of its proof of authority, legal and/or lawful authority to report these accounts in accordance to 15 USC 168lb(a)(1)(2).

19. Also pursuant to FCRA Subchapter F 603.2 the Defendant is committing identity theft, as

defined: § 603.2 Identity theft. (a) The term "identity theft" means a fraud committed or attempted using the identifying information of another person without authority. As the Defendant is using the Plaintiff's private non public information for solicitation and monetary gain without consent.

20. Pursuant 15 US Code 1681b(a)(1)(2), the Defendant has no proof of legal or lawful authority to furnish this disputed data. As the Defendant has no order from a court with the proper jurisdiction nor dose the Defendant has the consumers (Plaintiffs) consent.

21. Pursuant 15 US Code 1681(b), Experian, has not put in place any measures to make sure the accounts they are reporting or accurate nor do they have legal and or lawful authority to report the accounts in the first place.

22. Pursuant 15 US Code 1681a(2)(i), there is to be an exclusion of accounts report containing information solely as to transactions or experiences between the consumer and the person making the report. The accounts in dispute are accounts that are solely based off of transactional history which the FRCA clearly states they should be excluded.

23. Pursuant 15 US Code 1681e(b), The defendant has not followed any reasonable procedure to

make sure the reporting of these accounts are accurate. The Defendant took no action to verify any of these accounts as being accurate before furnishing them on my consumer report. So not only did Experian, not have legal and or lawful authority in accordance to 15 U.S. Code 1681b(a)(1)(2) they have also failed to have any procedure in place to verify the accuracy of data furnished before placing it on a consumers report. The defendant uses an automated verification system called e-oscar in which no real person looks at and or verifies any information being reported nor do they verify or look at consumer disputes the same system codes the dispute with a 1-3 number or letter code that tells the system to verify the accounts as being verified solely based off any information that is furnished. So if information being furnished is in fact inaccurate who and how was it verified before the defendant furnished the information on my consumer report.

24. Pursuant 15 U.S. Code§ 1681n, the Defendant is liable for $1,000 per violation. The defendant willfully reported the data on my consumer report after I asked for proof of authority to report any of this

data without responding to the dispute notice nor taking any measures required under the FCRA to verify that this data being furnished was indeed accurate before furnishing it.

25. In conclusion the defendant has damaged my credit worthiness and has defamed my character with the furnishing of this data on my consumer report. Defamation comes when any underwriter or creditor reviews my report and sees the credit score and makes an assessment and denies me right to credit because what the defendant has furnished on my report.

## V. FIRST CLAIM FOR RELIEF 15 U.S. Code§ 1681n

26. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

27. The Defendant violated the FCRA.

28. The Defendant violations include , but are not limited to the following: 15 U.S. Code§ 1681n Civil liability for willful noncompliance by willfully failing to comply with any requirement imposed under 15 U.S. Code§ 1681.

29. As a result of the above violation(s) of the FCRA, the Defendant is liable to Plaintiff for actual damages, statutory damages, cost and violations of the FCRA in the amount of $1,000 per violation.

## JURY DEMAND AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully demands a jury and request that the judgment be entered in

favor of Plaintiff and against the Defendants for:

A. Judgement for violations occurred for violating the FCRA in the amount of $1,000 per inaccurate reported trade lines;

B. Actual damages pursuant to 15 U.S. Code§ 1681n(1)(2)

C. Statutory damages pursuant 15 U.S. Code§ 1681n(2);

D. Cost pursuant 15 U.S. Code§ 1681n(3);

E. For such other and further relief as the Court may deem just and proper.

F. Removal of the negative reporting trade lines from consumer report.

G. Award $15,000 in damages for FCRA Violations and Identity Theft.

Dated: 02-01-2024

Respectfully submitted,

By: IYANLA JONES

Address: 149 WOODWAY PARK DRIVE ATLANTA, GA 30350

Tel:(470)-919-1018

Email: jonesglobalco@gmail.com Plaintiff

*Isl IYANLA JONES*

Pro Se Litigate